105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
SOUTHERN CALIFORNIA EDISON COMPANY, Defendant-Appellant.
 No. 95-56028.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1996.
Decided Jan. 3, 1997.
 
 Before: O'SCANNLAIN, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Southern California Edison ("Edison") appeals from the district court's entry of summary judgment holding Edison liable to the United States for the costs of suppressing the "Cabazon" forest fire. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.
 
 
 3
 * The United States Forest Service granted Edison an easement to construct a power line through the Cabazon forest. The easement held Edison strictly liable for fire suppression costs for any fires resulting from or caused by its use of the easement.
 
 
 4
 On June 27, 1985, a fire began in the vicinity of the Edison work site in a remote area of the forest. To hold Edison liable under the terms of the contract, the government had to show that Edison caused the fire. The government's experts traced the fire to an area approximately 400 feet beneath Edison's work site. After ruling out natural causes, they concluded that the most likely cause of the fire was that Edison had caused boulders to roll down the hill, which collided together causing sparks which ignited the fire.
 
 
 5
 The experts relied on the following evidence in reaching this conclusion: the site's isolation and the rugged terrain which made it unlikely that anyone other than Edison employees were in the vicinity; pulverized rocks found at the site identified as the fire's origin; "pry marks" on an outcropping above that site indicating that Edison workers had caused the rocks to roll; and expert testimony that colliding boulders could cause sparks.
 
 
 6
 Edison offered the following evidence in opposition to the motion for summary judgment: testimony by its employees that no one had caused any rocks to roll down the hillside; expert testimony that the rocks had rolled down the hill after the fire began; and expert testimony that the fire started at a different location.
 
 II
 
 7
 The United States moved for summary judgment on two legal theories: (1) Edison had contractually agreed to be strictly liable for fire fighting costs resulting from or caused by its use of an easement; and (2) Edison was negligent under the doctrine of res ipsa loquitur. The district court granted summary judgment to the United States without opinion or other indication as to which legal theory made Edison liable as a matter of law.
 
 
 8
 Edison argues on appeal that under either theory genuine issues of material fact preclude summary judgment.
 
 III
 
 9
 The government is entitled to summary judgment on its contract claim only if there is no genuine issue as to the fact that Edison caused the fire. The parties dispute several facts, including (1) whether Edison was prying rocks loose on the day of the fire; (2) where the fire started; and (3) whether the rock slide caused the fire or the fire caused the rock slide.
 
 
 10
 Drawing all reasonable inferences in Edison's favor, its evidence that its employees were not prying rocks on the day of the fire, that the fire preceded the rock slide, and that the fire started somewhere other than the location of the cracked rocks was "sufficient evidence favoring the nonmoving party for a jury to return a verdict" in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).
 
 
 11
 A triable issue exists in this regard, and the district court erred in granting summary judgment to the extent its decision was based on the contract claim.
 
 IV
 
 12
 Edison similarly contends that there exist genuine issues of material fact precluding summary judgment on the government's negligence claim.
 
 
 13
 The government relies on res ipsa loquitur to prove negligence. Under California law, which both parties agree applies, "certain kinds of accidents are so likely to have been caused by the defendant's negligence that one may fairly say 'the thing speaks for itself,' " or, in Latin, res ipsa loquitur." Brown v. Poway Unified School Dist., 843 P.2d 624, 627 (Cal.1993).
 
 
 14
 For this presumption to arise where the plaintiff presents circumstantial evidence of negligence, three conditions must be satisfied: (1) the accident must be of the kind that ordinarily does not occur absent someone's negligence; (2) the cause or instrumentality must have been within the defendant's exclusive control; and (3) the accident must not have been due to the plaintiff's voluntary action or contribution. Id.; see also Ybarra v. Spangard, 154 P.2d 687, 689 (Cal.1945). When these conditions are met, the trier of fact may assume the existence of the presumed fact unless the defendant introduces evidence to the contrary. Brown, 843 F.2d at 627.
 
 
 15
 The existence of the three conditions upon which res ipsa loquitur is predicated is usually a question of fact. See Seneris v. Haas, 291 P.2d 915, 924 (Cal.1955). "[W]here the evidence is conflicting or subject to different inferences, it is for the jury, under proper instructions, to determine whether each of the conditions necessary to bring into play the rule of res ipsa loquitur is present." Roddiscraft v. Skelton Logging Co., 28 Cal.Rptr. 277, 282-83 (Ct.App.1963) (citations omitted), overruled on other grounds by McFarland v. Booker, 58 Cal.Rprtr. 417, 422-23 (Ct.App.1967).
 
 
 16
 In this case, the parties' dispute concerns the first and second conditions. With respect to the first condition--that the accident is of a kind that ordinarily does not occur without negligence--the government submits that the court should take judicial notice that a forest fire is such an accident. Quoting Roddiscraft, "it may be safely said that on the basis of past experience it is a matter of common knowledge that a forest fire does not ordinarily happen unless someone has been negligent." Id. at 284. That may be so, but that is not to say that the jury necessarily must draw an inference of negligence. Rather, the Roddiscraft court merely concluded that "there was sufficient evidence from which, on the basis of past experience, supplied both by common knowledge and the testimony of experts, the jury could draw the inference that someone was negligent." Id. at 285.
 
 
 17
 On the second condition--exclusive control of the cause or instrumentality--triable issues also exist for the reasons explained above. Because there is a genuine dispute over the point of origin, the government cannot claim as it attempts to do, that it has ruled out all probable causes of the fire other than negligence by Edison. If the fire started elsewhere, then the government has not established exclusive control by Edison.
 
 
 18
 Where a genuine issue exists as to what actually caused the fire, summary judgment is inappropriate. See, e.g., Ruth (Scally) v. Pacific Gas and Elec. Co., 100 Cal.Rptr. 501, 510-11 (Ct.App.1972) ("in the instant case the jury had to find that the fire was caused by contact between the powerline and the tree"). Given the disputed evidence in this case, it is for the jury to decide whether Edison "was responsible for all reasonably probable causes to which the accident could be attributed." Roddiscraft, 28 Cal.Rptr. at 285.
 
 V
 
 19
 For the foregoing reasons, the judgment of the district court is REVERSED and the case REMANDED for further proceedings consistent with this disposition.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3